SECURITIES AND EXCHANGE COMMISSION

v.

HILLSBOROUGH INVESTMENT CORPORATION, Roger M. Mara, Charles Samra.

Civ. A. No. 1965.

United States District Court
D. New Hampshire.
June 22, 1959.

James E. Dowd and William M. Prifti, Securities and Exchange Commission, Boston, Mass., Coleman Silbert, Boston, Mass., for plaintiff.

Wiggin, Nourie, Sundeen, Nassikas & Pingree, Paul E. Nourie and Hedley G. Pingree, Manchester, N. H., for defendant Charles Samra.

McLane, Carleton, Graf, Greene & Brown, Stanley M. Brown, Manchester, N. H., for defendants Hillsborough Investment Corporation and Roger M. Mara.

CONNOR, District Judge.

This is a motion by the Securities and Exchange Commission for a permanent injunction restraining the defendants from offering to sell or selling through the facilities of interstate commerce any securities of Hillsborough unless and until a registration statement is filed.

A preliminary injunction was issued by this court on December 11, 1958, after a hearing; the facts found in that order are incorporated in this rescript. D.C., 173 F.Supp. 86.

■ No evidence of any violations of the Securities Act subsequent to the date of the hearing on the motion for preliminary injunction was offered at the hearing on motion for a permanent injunction.

However, after the preliminary injunction which had enjoined certain shares and notes of Hillsborough, the defendant corporation made an obvious attempt to circumvent the court's order. It bought back as many of the securities enjoined as possible. It then issued new shares and notes, reserving an amount equal to the old shares and notes outstanding, for the purpose of exchanging the old securities for the new, at the option of the investors. It proposes to sell the excess of these new securities over the reserves solely to resident investors. Although the new securities differ from the old securities subject to the injunction only in a small degree, it is claimed that these new securities should be free of any court order.

Upon consideration of the evidence offered at the hearing, it is my view that the recapitalization is nothing less than an open and calculated attempt to avoid the preliminary enjoining order issued by this court.

This recapitalization is not a proposal merely for additional financing which might cause the court to hesitate and perhaps deny any further injunctive order, but it is clearly an attempt to substitute new securities for those now under the ban of this court.

I must conclude that a permanent injunction should issue if the preliminary order is not to be evaded.

■ That the court has authority to enjoin these new securities is evident from cases like National Labor Relations Board v. Express Publishing Co., 312 U. S. 426, at page 436, 61 S.Ct. 693, at page 700, 85 L.Ed. 930, where the court said that the breadth of the injunction "must depend upon the circumstances of each case, the purpose being to prevent violations, the threat of which in the future is indicated because of their similarity or relation to those unlawful acts" which have been found to have been committed in the past. See, also, Bowles v. Leithold, 3 Cir., 1945, 155 F.2d 124, certiorari denied Leithold v. Porter, 1946, 327 U.S. 794, 66 S.Ct. 819, 90 L.Ed. 1020.

The temporary injunction should be made permanent. In addition, the defendants Mara and Hillsborough should be permanently enjoined from offering to sell or selling through the facilities of interstate commerce, any securities of Hillsborough of any description, including the new Consolidated Common Stock, $10 par value, and the 1959 7% Registered Term Notes, unless and until a registration statement is filed with the Securities and Exchange Commission.

An injunction in accordance with this rescript will issue.